MAYER BROWN LLP
ELIZABETH MANN (SBN 106524)
emann@mayerbrown.com
350 S. Grand Avenue, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

LISA M. FERRI (*pro hac vice*)
lferri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
bnolan@mayerbrown.com
RICHARD J. McCORMICK (*pro hac vice*)
rmccormick@mayerbrown.com
1221 Avenue of the Americas
New York, New York  10020-1001
Telephone:  (212) 506-2500
Facsimile:   (212) 262-1910

Attorneys for Attorneys for Plaintiffs and Counterclaim Defendants SANOFI-AVENTIS U.S. LLC and REGENERON PHARMACEUTICALS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC and REGENERON PHARMACEUTICALS, INC.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>GENENTECH, INC., and CITY OF HOPE,<br><br>            Defendants.<br><br>GENENTECH, INC., and CITY OF HOPE,<br><br>            Counterclaim Plaintiffs,<br><br>    vs.<br><br>SANOFI-AVENTIS U.S. LLC and REGENERON PHARMACEUTICALS, INC.,<br><br>            Counterclaim Defendants. | Case No. 2:15-cv-05685-GW-AGR<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS SANOFI-AVENTIS U.S. LLC AND REGENERON PHARMACEUTICALS, INC.'S MOTION TO COMPEL**<br><br>Date:   March 22, 2016<br>Time:  10:00 AM<br>Ctrm:  B, 8th Floor, Spring Street<br>Judge:  Alicia G. Rosenberg<br>Fact discovery cutoff:  April 1, 2016<br>Pretrial Conference:  Sept. 8, 2016<br>Trial:  Sept. 27, 2016<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

## I. INTRODUCTION

Plaintiffs sanofi-aventis U.S. LLC and Regeneron Pharmaceuticals, Inc. (collectively, "Plaintiffs") seek an order compelling Defendants Genentech, Inc. and City of Hope (collectively, "Defendants") to produce five Cabilly litigation settlement agreements (containing licenses) and a Rule 30(b)(6) witness on these agreements. This discovery is plainly relevant to the issue of infringement damages and is thus discoverable. Indeed, Defendants themselves argued previously that all licenses to the Cabilly patents are relevant, but "confidentiality considerations" preclude the discovery of licenses that result from a settlement of litigation. In light of the fact that the Federal Circuit Court of Appeals soundly rejected any "confidentiality" exemption, Defendants now flip-flop and argue that settlement agreement licenses are not discoverable because they are *irrelevant*. The Federal Circuit has rejected this argument as well, and has held that settlement license agreements are relevant to the calculation of damages, and in particular, reasonable royalties. Following *ResQNet*, district courts have overwhelmingly held settlement license agreements to be discoverable under the broad and liberal discovery standards of the Federal Rules of Civil Procedure. Defendants should not be permitted to produce only the license agreements of their own choosing. *All* of them are relevant and discoverable.

## II. ARGUMENT

In opposing Plaintiffs' motion to compel, Defendants abandoned their previous arguments of undue burden and settlement privilege, and instead, now maintain that they should not be compelled because (1) Judge Pfaelzer denied motions to compel the production of settlement agreements and settlement negotiation documents relating to the Cabilly patents in two prior litigations involving different accused infringers and (2) settlement agreements reached to resolve litigation are supposedly not relevant to the issue of what may constitute a reasonable royalty. For the reasons outlined below, these arguments fail.

### A. Judge Pfaelzer's Prior Rulings Are Not Dispositive Because They Involved Different Issues and Facts Than Are Present Here

Judge Pfaelzer's two previous decisions denying discovery in light of the "extensive discovery already produced" do not provide support for Defendants' present argument. In fact, Judge Pfaelzer's rulings are not controlling because they involved different issues and facts than are present here. Significantly, the scope of the documents that Plaintiffs seek here is narrower than was at issue in the prior cases—Plaintiffs are only seeking a handful of executed settlement agreements negotiated by the parties thereto and testimony on those agreements. Unlike the prior cases, Plaintiffs are not seeking documents or testimony concerning the settlement negotiations themselves. Moreover, the factual record under consideration here is different from the record that was available to Judge Pfaelzer.

In the prior litigations as well as in the current case, Defendants have argued that "where, as here, there is robust licensing history, there is no cause to rely on settlement agreements to determine a reasonable royalty." (Declaration of Lisa M. Ferri in Support of Plaintiffs sanofi-aventis U.S. LLC and Regeneron's Pharmaceuticals, Inc.'s Motion to Compel, Ex. B at 11; *see also* Joint Stipulation Re: Plaintiffs sanofi-aventis U.S. LLC and Regeneron Pharmaceuticals, Inc.'s Motion to Compel at 8.) In the present case, [REDACTED]

1 ████████████████████████████████
2 ████████████████████████████████
3 ████████████████████████████████
4 ████████████████████████████████
5 ████████████████████████████████
6 ████████████████████████████████
7 ████████████████████████████████
8 ████████████████████████████████
9 ████████████████████████████████
10 ████████████████████████████████
11 ████████████████████████████████
12 ████████████████████████████████

These facts, which were not available to Judge Pfaelzer, highlight the heightened relevance of the settlement agreements sought here. ██████████ ████████████████████████████████ ████████████████████████████████ ██████ These agreements more accurately evidence the industry's view of the Cabilly III patent and, therefore, are vital to the fact finder's assessment of what a hypothetical business person in the industry would accept as a reasonable royalty.

### B. Licenses Resulting from Litigation Settlement Agreements Are Relevant and Discoverable

Defendants also err in asking the Court to block discovery of the requested settlement agreement licenses on the grounds that because they resulted from litigation they "are unsuitable to prove a reasonable royalty . . . ." (Joint Stip. at 6.) Defendants improperly rely upon arguments made to preclude the admission of settlement agreement licenses at trial—*not arguments regarding their discoverability*. As courts have pointed out in compelling production of settlement agreements, *ResQNet* "forecloses" any argument that such agreements are not

3

relevant to the calculation of a reasonable royalty. *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, No. 1:05CV955, 2011 WL 2470460, at * (M.D.N.C., June 20, 2011); *see also Small v. Nobel Biocare USA, LLC*, 808 F.Supp.2d 584, 590 (S.D.N.Y. 2011) (compelling production of settlement agreement as discoverable under Fed.R.Civ.P. 26(b)(1)). The lion's share of post-*ResQNet.com* cases have permitted discovery of settlement agreement licenses in response to motions to compel production. (Joint Stip. at 12-13) Defendants failed to address these cases.

Defendants cite only one decision that runs counter to this well-accepted proposition: *Bascom Global Internet Servs. v. AOL LLC*, No. CV 08-1765, 2011 U.S. Dist. LEXIS 100609, at *4 (E.D.N.Y. Sept. 8, 2011). (Joint Stip. at 19.) *Bascom*, however, is distinguishable on its facts. There, the settlement agreement was entered into over six years after the date of the hypothetical negotiation and involved different software than was at issue in that case. *Id.* at *8-9. By contrast, here, the sought-after settlement agreements were entered into before the hypothetical negotiation dates with Plaintiffs. (*See*, *e.g.*, Joint Stip. at 2 n. 2.) The requested agreements concern the very patents at issue in the present cases and relate to therapeutic antibody products that, like Plaintiffs' Praluent®, have already been approved and marketed. (*Id.* at 15.)

Defendants do not fare any better when they rely on *Laser Dynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012) and *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 523 (Fed. Cir. 2012) as these cases do not address the discoverability of settlement licenses. Significantly, the settlement agreements in those cases were produced —the issue considered by the courts was whether the settlement agreements were admissible at trial and/or whether experts could rely on them. In fact, in *Laser Dynamics*, the Court found multiple license agreements "involving actual or threatened litigation" to be "reliable indicators of what willing parties would agree to in a hypothetical negotiation." *Laser Dynamics,* 694 F.3d at 57-58, 78 (eleven of the twenty-nine licenses were settlement agreements). Only

one settlement agreement was excluded, in part because it was entered into only after the licensee "had been repeatedly sanctioned by the district court for discovery misconduct and misrepresentation." *Id*. at 58, 78.

In *ePlus*, the Federal Circuit upheld the District Court's decision to exclude plaintiff's damages expert under *Daubert* not because he relied on settlement license agreements but because he relied on only two of the five settlement agreements in evidence, the sum of which vastly exceeded the sum of the other three agreements, and which concerned multiple patents and cross-licensing deals. *ePlus*, 700 F.3d at 523.  The expert's analysis was flawed because he had ignored the settlements with lower rates that were entered into at approximately the same time that the suit was filed, and four to five years after the two larger settlement agreements on which his opinions were based. *Id*. *ePlus* thus confirms that royalty rates in settlement licenses granted near in time to the hypothetical negotiation are relevant to a reasonable royalty.

Beyond discoverability, Defendants ignore Federal Circuit precedent when they suggest that settlement agreements are not relevant (or admissible) to the calculation of a reasonable royalty, as the Federal Circuit has expressly held that the most relevant licenses may arise out of the settlement of litigation. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) ("This court observes as well that the most reliable license in this record arose out of litigation."); *In re MSTG*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) ("Our cases appropriately recognize that settlement agreements can be pertinent to the issue of reasonable royalties.").

///
///
///
///
///
///

5

## III. CONCLUSION

For the reasons set forth above and in Plaintiffs' moving papers, Plaintiffs respectfully request that the Court grant their motion to compel.

Dated: March 8, 2016

Mayer Brown LLP
Elizabeth Mann
Lisa M. Ferri
Brian W. Nolan
Richard J. McCormick

By: */s/ Elizabeth Mann*
      Elizabeth Mann

Attorneys for SANOFI-AVENTIS U.S. LLC and REGENERON PHARMACEUTICALS, INC.