1  DURIE TANGRI LLP
   DARALYN J. DURIE (SBN 169825)
2  ddurie@durietangri.com
   DAVID McGOWAN (SBN 154289)
3  dmcgowan@durietangri.com
   ADAM R. BRAUSA (SBN 298754)
4  abrausa@durietangri.com
   217 Leidesdorff Street
5  San Francisco, CA  94111
   Telephone:  415-362-6666
6  Facsimile:   415-236-6300

7  WILMER CUTLER PICKERING HALE AND DORR LLP
   Christopher T. Casamassima (SBN 211280)
8  chris.casamassima@wilmerhale.com
   350 South Grand Avenue, Suite 2100
9  Los Angeles, CA 90071
   Telephone:  213-443-5374
10 Facsimile:   213-443-5400

11 Attorneys for Defendants and Counterclaim Plaintiffs
   GENENTECH, INC. and CITY OF HOPE

12

13                 IN THE UNITED STATES DISTRICT COURT

14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                          WESTERN DIVISION

| | |
|---|---|
| 16  SANOFI-AVENTIS U.S. LLC and REGENERON PHARMACEUTICALS, 17  INC., | Case No. 2:15-CV-05685-GW-AGR |
| 18                    Plaintiffs, | **REPLY IN SUPPORT OF GENENTECH, INC. AND CITY OF HOPE'S MOTION FOR REVIEW OF ORDER COMPELLING PRODUCTION OF SETTLEMENT AGREEMENTS** |
| 19        v. | |
| 20  GENENTECH, INC., and CITY OF HOPE | Date:  April 14, 2016 Time:  10:00 a.m. Ctrm:  10, Spring Street Floor Judge: George H. Wu |
| 21                    Defendants. | |
| 22  GENENTECH, INC., and CITY OF HOPE, | |
| 23 | **[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]** |
| 24                    Counterclaim Plaintiffs, | |
| 25        v. | |
| 26  SANOFI-AVENTIS U.S. LLC and REGENERON PHARMACEUTICALS, 27  INC., | |
| 28                    Counterclaim Defendants. | |

WILMER CUTLER PICKERING HALE AND DORR LLP
Robert J Gunther, Jr (*Pro Hac Vice*)
Robert.Gunther@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:   212-230-8830
Facsimile:    212-230-8888

WILMER CUTLER PICKERING HALE AND DORR LLP
David L Cavanaugh (*Pro Hac Vice*)
david.cavanaugh@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:   202-663-6025
Facsimile:    202-663-6363

WILMER CUTLER PICKERING HALE AND DORR LLP
Kevin S Prussia (*Pro Hac Vice*)
kevin.prussia@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone:   617-526-6243
Facsimile:    617-526-5000

Sanofi and Regeneron's opposition brief confirms two points that show the Magistrate's order compelling production of certain settlement agreements rests on legal error.

*First*, Plaintiffs' opposition confirms that their motion is about timing. Their point is that "recent licenses are likely to most closely reflect the value of the Cabilly patents at the time of the hypothetical negotiation dates with Plaintiffs—here, July 2015." Opp'n at 10:23-25. Yet Plaintiffs do not dispute that the license closest in time to the hypothetical negotiation is *not* a settlement. ███████████████████████████

███████████████████████████████████████

Under the Federal Circuit's case law, ████████████████ is the most probative license in the case. The order granting the motion to compel therefore conflicts with Judge Pfaelzer's rulings in two prior Cabilly patent cases that settlement agreements are not a proper subject of discovery because evidence of relevant Cabilly licenses is available. Judge Pfaelzer's conclusion was informed by long experience with litigation over the Cabilly patents. She presided over five cases involving those patents, over a period of nine years. In her words, she was a "student" of those patents. Over that time Judge Pfaelzer was able to study first-hand the repeated filing of challenges to the Cabilly patents, often employing the same counsel and experts, and subsequent settlements. Her rulings reflect her assessment of a pattern that reflects an effort to evade the law relating to the use of settlement agreements in patent cases.

Plaintiffs do not even acknowledge ███████████, though it undermines their attempt to distinguish Judge Pfaelzer's decisions on timing grounds. Plaintiffs contend that Magistrate Judge Rosenberg's Order does not conflict with Judge Pfaelzer's prior rulings because, in the prior cases, the plaintiffs sought production not just of these same settlement agreements, but also the negotiation history pertaining to them. But in those prior cases Judge Pfaelzer could have granted the motion to compel in part. She did not, and she refused to compel production of the settlement agreements themselves. The record supports her conclusion even more strongly in this case.

REPLY ISO DEF'S MOTION FOR REVIEW OF ORDER COMPELLING PRODUCTION OF SETTLEMENT AGREEMENTS / CASE NO. 2:15-CV-05685-GW-AGR

1    Notwithstanding their insistence that recent agreements matter most, Plaintiffs

2   insist that the general rules of discovery compel production of settlement agreements

3   dating as far back as 2008.  But Plaintiffs cannot condemn reliance on "old, stale

4   licenses," Opp'n at 10:25, while insisting on production of old, stale settlements that are,

5   by definition, even less reliable.  At a minimum, Plaintiffs' insistence that recency matters

6   shows that the Magistrate erred in ordering production of settlement agreements dating to

7   2008 and 2010 which, by Plaintiffs' own reasoning, are not probative of conditions on the

8   date of first infringement.

9    Plaintiffs respond that Genentech and City of Hope should be required to produce

10   those old settlements because they produced the old license agreements.  The reverse is

11   true.  Producing commercial agreements the Federal Circuit has held are probative does

12   not compel production of settlements that court has held are not.  Unlike settlements,

13   license agreements from earlier dates are not skewed by the litigation context.  Even if

14   agreements from the earlier timeframe were to prove relevant, the license agreements

15   would necessarily be the more reliable evidence and would foreclose reliance on

16   settlements.  *ResQnet.com, Inc. v. Lansa, Inc*., 594 F.3d 860, 872 (Fed. Cir. 2010).

17    *Second*, Plaintiffs' opposition confirms (though they deny) that they effectively

18   propose a *per se* rule that settlements regarding a patent in suit are always discoverable.

19   Opp'n at 8:15-16. Plaintiffs insist that this rule is correct because evidence need not be

20   admissible to be discoverable.  In general that is true.  But it is also true that most

21   evidence is not singled out for particular disapproval by the Federal Circuit, as is the case

22   with the settlements Plaintiffs seek.

23    Plaintiffs contend that Magistrate Judge Rosenberg did not apply a *per se* rule

24   because the settlement agreements at issue here are roughly equal in number to the license

25   agreements that were produced.  But Plaintiffs fail to explain why that might matter.  The

26   problem with settlement agreements—that they are inherently infected by a litigation cost

27   and uncertainty—is true regardless of the number of settlement agreements at issue.  We

28   are aware of no case holding that settlement agreements become more relevant simply by

1  virtue of their numerosity.

2       Plaintiffs' *per se* approach, like the Magistrate's order, misapprehends the

3  relationship between the general rule of discovery and the Federal Circuit's law on

4  settlement agreements.  *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77

5  (Fed. Cir. 2012), and *ResQnet*, 594 F.3d at 872, do not invite expert opinion, they limit it.

6  They do not hold that expert testimony is required to determine whether a settlement is

7  admissible; they condemn the use of settlement agreements in general and hold that

8  settlements may be admissible only if no more reliable evidence is available.  *ResQnet*,

9  594 F.3d at 872.  The court itself—not experts—determined that settlements are

10  inherently suspect.  In this context, the general rule of discoverability does not entail that

11  evidence should be discovered where the law explicitly precludes its use.

12       Plaintiffs insist that settlements are relevant because *ResQNet* holds they are not

13  categorically inadmissible.  But evidence is relevant only where it tends "to make a fact

14  more or less probable than it would be without the evidence. . . ."  Fed. R. Evid. 401(a).

15  The fact to be established by the hypothetical negotiation method is the reasonable royalty

16  a willing licensor and licensee would agree to based on the assumption that the patent was

17  valid and infringed.  Settlements reflect litigation factors these assumptions are designed

18  to remove; that is why the law disfavors their use.  A settlement cannot make a reasonable

19  royalty number more or less probable—and thus satisfy the definition of relevance—

20  unless there is no evidence that better reflects the assumptions that better reflects the fact

21  the reasonable royalty is meant to determine.  That is in fact what *ResQNet* holds, and

22  Plaintiffs' failure to come to grips with this fact undercuts their relevance arguments.

23       Plaintiffs point out that some district courts order settlement agreements produced.

24  Opp'n at 7:17-8:14.  That is true.  Other courts disagree.  *E.g. Bascom Global Internet*

25  *Servs., Inc. v. AOL LLC*, No. CV 08-1765, slip op. at 2 (E.D.N.Y Sept. 8, 2011) (declining

26  to order production of settlement agreement and noting "in *ResQNet.com, Inc.*, the

27  litigation-related license agreements were voluntarily produced, were part of the record

28  and their admissibility was not before the court."); *Software Tree, LLC v. Red Hat, Inc.*,

REPLY ISO DEF'S MOTION FOR REVIEW OF ORDER COMPELLING PRODUCTION
OF SETTLEMENT AGREEMENTS / CASE NO. 2:15-CV-05685-GW-AGR

No. 6:09-CV-097, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010).  But counting cases is not a reliable guide to the law on this point.  At present there is no categorical rule, either for admissibility or, contrary to Plaintiffs' position, for discovery.  Instead, under the Federal Circuit's cases, what matters is the other evidence is in the record.  As Judge Pfaelzer held twice before, the commercial Cabilly licenses place the Cabilly settlements well outside the narrow exception the Federal Circuit maintains for cases in which a settlement is the most reliable evidence of patent value.

Plaintiffs do not and could not dispute the Federal Circuit's holding that factors relevant to litigation settlements tend to skew such settlements away from the principles of patent damages, which presume commercial negotiation between willing parties who assume validity and infringement.  *Cf. ResQnet*, 594 F.3d at 872.  For this reason it is not clear what point Plaintiffs think they make when they argue that Genentech and City of Hope receive more money from settlement licenses than from non-settlement licenses.  Opp'n 12:20-21.  But Genentech and City of Hope cannot dictate how a licensee approaches them.  Some companies proceed on a commercial basis.  Others, such as Sanofi and Regeneron, prefer to go to court.

For this reason, Plaintiffs have it backwards when they assert that Genentech and City of Hope have a "business model . . . of litigating and licensing. . . ."  Opp'n at 13:7.  In fact, Genentech has a long history of broadly licensing the Cabilly patents, as shown by the extensive licenses that have already been produced.  It is Plaintiffs hired lawyers who have turned Cabilly litigation into a niche business, and Plaintiffs then insist that it is Genentech and City of Hope who pursue a litigation model.  This ironic assertion is not true.

Plaintiffs also assert that many licensees pay no royalties, Opp'n at 13:1-4, but Plaintiffs do not argue that these licensees successfully brought to market drugs on which they would owe royalty payments.  Plaintiffs do not dispute that some licensees, unlike Plaintiffs, take licenses before they begin infringing rather than after they sell infringing product.  Some of those licensees do not make it all the way through the FDA approval

REPLY ISO DEF'S MOTION FOR REVIEW OF ORDER COMPELLING PRODUCTION OF SETTLEMENT AGREEMENTS / CASE NO. 2:15-CV-05685-GW-AGR

1  process to commercial launch of a drug.  But these licenses, and the numerous licenses

2  pursuant to which licensees *are* currently paying royalties, all provide insight into what

3  royalty rate a willing licensee would have been willing to pay in the absence of ongoing

4  litigation.

5        The Cabilly patent at issue in this case was licensed ████████████████

6  ██████████████████████████████████████████████████████████

7  Evidence of patent value does not get any stronger. Plaintiffs' conspicuous silence

8  regarding that license proves that they know it is both the most recent and most probative

9  agreement in the record.  Only a *per se* rule compelling production in all cases could

10  justify production in the face of such evidence.  There is no such rule, as even Plaintiffs

11  agree.  The order granting Plaintiffs' motion to compel production of settlement

12  agreements therefore should be reversed.[1]

13

14  Dated:  April 12, 2016                            DURIE TANGRI LLP

15

16                                   By:  _____*/s/ Adam R. Brausa*_____
                                                  ADAM R. BRAUSA

17                                        Attorneys for Defendants and Counterclaim
                                          Plaintiffs GENENTECH, INC. and CITY OF
18                                        HOPE

19

20

21

22

23

24  [1] Plaintiffs complain about the timing of this motion.  Genentech and City of Hope previously sought to move the date for the hearing before Magistrate Judge Rosenberg to accommodate counsel's travel out of the country.  Plaintiffs expressed concerns about timing, and Genentech and City of Hope agreed that

25  they would not delay the production of the settlement agreements and would be prepared to produce them within a day of an order directing them to do so.  Judge Rosenberg's order set a deadline for

26  production of April 14, and Genentech and City of Hope did not intend to forego their right to seek review of that order simply by virtue of agreeing to a prompt schedule for production.  Moreover, there is

27  no prejudice to Plaintiffs.  Their expert reports on damages are not due until May 13, which gives them ample time to address the settlement agreements, in the event that the Court denies Genentech and City

28  of Hope's motion.

REPLY ISO DEF'S MOTION FOR REVIEW OF ORDER COMPELLING PRODUCTION
OF SETTLEMENT AGREEMENTS / CASE NO. 2:15-CV-05685-GW-AGR

1

**CERTIFICATE OF SERVICE**

2

I certify that all counsel of record is being served on April 12, 2016 with a copy of

3

this document via the Court's CM/ECF system.

4

Elizabeth Mann
MAYER BROWN LLP

Lisa Ferri
Brian Nolan

5

350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503

Richard McCormick
MAYER BROWN LLP

6

Telephone: (213) 229-9500
Facsimile: (213) 625-0248

1221 Avenue of Americas
New York, NY 10020

7

emann@mayerbrown.com

Telephone: (212) 506-2500
Facsimile: (212) 262-1910

8

*Attorneys for Plaintiffs*
*Sanofi-Aventis U.S. LLC and*

lferri@mayerbrown.com
bnolan@mayerbrown.com

9

*Regeneron Pharmaceuticals, Inc.*

rmccormick@mayerbrown.com

10

*Attorneys for Plaintiffs*
*Sanofi-Aventis U.S. LLC and*

11

*Regeneron Pharmaceuticals, Inc.*

12

13

*/s/ Adam R. Brausa*
ADAM R. BRAUSA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO DEF'S MOTION FOR REVIEW OF ORDER COMPELLING PRODUCTION
OF SETTLEMENT AGREEMENTS / CASE NO. 2:15-CV-05685-GW-AGR